**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| EDWINA SMITH, | ) | CASE NO. 1:25-cv-1538 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| FRANK BISIGNANO, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the joint stipulation of the parties for an award to plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, of $6,399.81 in attorney fees and $405.00 in costs. (Doc. No. 9 (Joint Proposed Stipulation for an Award of Attorney Fees).) For the reasons set forth herein, the joint stipulation is **APPROVED**.

## I.      BACKGROUND

On July 24, 2025, plaintiff Edwina Smith ("Smith") filed this action seeking judicial review of defendant Commissioner of Social Security's ("Commissioner") denial of plaintiff's application for Supplemental Security Income ("SSI") and Social Security Disability benefits ("DIB"). (Doc. No. 1, at 1.)[1] On January 5, 2026, the parties jointly stipulated that the case should be remanded to the Commissioner and requested that this Court order a remand. (Doc. No. 7.) The Court ordered a remand of the case to the Commissioner for further administrative proceedings. (Doc. No. 8.)

Thereafter, the parties submitted a joint proposed stipulation requesting that the Court

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

award plaintiff attorney fees totaling $6,399.81 and $405.00 in costs. (Doc. No. 9, at 1.) Upon prompting from the Court (Order [non-document], 03/06/2026; Order [non-document], 03/10/2026), the parties filed supplemental declarations with an itemized statement of attorney's fees, which listed 25.8 hours of work and calculated an hourly rate of $261.12 per hour (Doc. No. 10, at 1–2), and a copy of the attorney fee agreement between plaintiff and her counsel (Doc. No. 11).

## II.     DISCUSSION

Pursuant to the EAJA, a party seeking an award of attorney fees must "submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award[.]" 28 U.S.C. § 2412(d)(1)(B). The application must include "the amount sought, including an itemized statement from an attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed." *Id.* The party seeking an award must also "allege that the position of the United States was not substantially justified," and the Court must decide whether substantial justification was lacking "based on the record[.]" *Id.*; *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).

The joint stipulation for attorney fees, along with the supplemental declaration itemizing time expended, provides all the application materials required by statute. The parties do not dispute that plaintiff is an eligible and prevailing party. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'"), *report and recommendation adopted sub nom. Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015). There is likewise no dispute that the government's position was not substantially justified. *See Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 800 (N.D. Ohio

2

2013) ("[T]he Commissioner has not argued that her litigation position was substantially justified.") An attorney fee award is therefore warranted.

The EAJA also requires that the Court independently examine the proposed award for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"); *see also Gunther*, 943 F. Supp. 2d at 800 ("Courts are obligated to prune unnecessary hours from fee petitions[.]"). The attorney fee award amount must be based on prevailing market rates and may not exceed $125 per hour "unless the [C]ourt determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii)

Documentation provided by the parties shows that counsel performed a total of 25.8 hours of legal services between July 18, 2025, and February 22, 2026. (Doc. No. 10, at 1–2.) The listed services include communications with plaintiff, review of the record, legal research and brief writing, and correspondence with defendant. (*Id.* at 1.) These itemized hours are in line with what is typically considered reasonable for SSI and DIB petitions for review. *See, e.g.*, *Rentfrow v. Comm'r of Soc. Sec.*, 2026 WL 231619, at *2 (W.D. Mich. Jan. 13, 2026) ("Plaintiff is entitled to be compensated for 25.87 hours of work at an hourly rate of $204.75[.]"); *Gunther*, 943 F. Supp. 2d at 806 (concluding 33.7 hours of attorney work to be reasonable).

Plaintiff's counsel indicated a billing rate of $261.12 per hour. (Doc. No. 10, at 2.) The parties arrived at this figure by adjusting the maximum $125 per hour statutory rate by the Consumer Price Index for All Urban Consumers as of January 2026, which was 325.252. (*Id.*)

At the outset, the Court notes a discrepancy in the total fees requested. The parties jointly stipulate to $6,399.81. But an hourly rate of $261.12 multiplied by 25.8 hours of work totals $6,736.90. Moreover, the proper measure of inflation in this district is the Midwest Urban

3

Consumer Price Index, not the all-urban index relied upon by the parties. *See Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13-cv-1845, 2014 WL 4388154, at *3 (N.D. Ohio Sept. 5, 2014) (collecting cases). That index would provide for an adjusted hourly rate of $242.13, or $6,246.95 in total fees for 25.8 hours of work. Under either index, there is a clear, significant increase in the cost of living, thus justifying the parties' stipulation to a rate above the $125 statutory rate.

The Court will construe the stipulated figure of $6,399.81 as the figure representing "a settlement of [p]laintiff's request for attorney's fees under the EAJA[.]" (Doc. No. 9, at 1.) Although slightly higher than the amount the Midwest index would suggest, the stipulated fee nonetheless represents an acceptable compromise between the plaintiff and the Commissioner, especially in light of plaintiff's counsel's speedy resolution of this case in plaintiff's favor. It is also reflective of "the prevailing market rates for the kind of services and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2). On these facts, the Court finds the stipulated figure to be reasonable and will therefore approve the jointly requested fee along with the requested $405.00 in costs.

As the parties recognize in their stipulation, any amount paid belongs to plaintiff. This award will be in full and complete satisfaction of any and all of plaintiff's claims for fees, costs, and expenses under 28 U.S.C. § 2412. It is also subject to any setoff necessary to satisfy pre-existing debt plaintiff owes to the United States, if any exists. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is hereby directed to determine whether plaintiff owes any pre-existing debt to the United States. For any such debts, defendant is directed to setoff that amount from the total award and make the remainder payable to plaintiff's attorney pursuant to plaintiff's signed agreement assigning any EAJA fees to her attorney. (*See* Doc. No. 11.) If there is no setoff, then

4

the full award shall be remitted to plaintiff's attorney in accordance with the signed statement.

### III.    CONCLUSION

For the reasons set forth herein, the Court **APPROVES** the parties' joint stipulation for an award to the plaintiff pursuant to 28 U.S.C. § 2412 in the amount of $6,399.81 in attorney fees and $405.00 in costs. (Doc. No. 9.) This amount is to be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: March 13, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**